IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DAVIS, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>THE COUNTY OF ALLEGHENY, and its )<br>agencies, OFFICE OF DISTRICT )<br>ATTORNEY, OFFICE OF PUBLIC )<br>DEFENDER, )<br>)<br>Respondents ) | Civil Action No. 09-1452<br>Judge Gary L. Lancaster/<br>Chief Magistrate Judge Amy Reynolds Hay |

<u>REPORT AND RECOMMENDATION</u>

I.   <u>Recommendation</u>

It is respectfully recommended that the habeas petition, ostensibly filed pursuant to 28 U.S.C. § 2241, be dismissed and, to the extent one is needed, that a certificate of appealability be denied.

II.  <u>Report</u>

The present filing is simply the latest in numerous attempts to attack in federal court the validity of Thomas Davis's State conviction. Thomas Davis ("Petitioner"), a state prisoner, (DOC ID No. BZ 9982), was convicted of several counts of robbery and is now serving an aggregate sentence of 14 to 28 years in SCI-Mercer for crimes committed in the Mt. Washington section of Pittsburgh. His robbery convictions were obtained in Allegheny County at Common Pleas Court docket Nos. CC198904099, CC198904606 and CC199100184, of which this court takes judicial notice.[1] He apparently was acquitted at No. CC 198904098. He was sentenced on

---

[1] The docket sheet for CC 198904098 may be found at:

January 14, 1992.  The court takes further judicial notice of the fact that Petitioner has previously filed a habeas petition pursuant to Section 2254 which challenged the very same convictions as he challenges herein and which was dismissed as untimely.  Thomas Davis v. Stowitzky, No. 06-1086 (W.D. Pa. Dkt. 4 (Report) & Dkt. 6 (order adopting Report)).  The Court of Appeals denied a certificate of appealability.  Thomas Davis v. Stowitzky, No. 06-4173 (3d Cir. Dec. 14, 2006).  He has also attacked these same convictions in the following habeas petitions: (1) Davis v. Chesney, No. 93-cv-1217 (W.D. Pa.), *Certificate of Probable Cause denied*, No. 94-3341 (3d Cir.); (2) Davis v. Walters, No. 97-cv-629 (W.D. Pa.), *Certificate of Appealability denied*, No. 98-3117 (3d Cir. 6/26/98); (3) Davis v. Walters, No. 00-cv-884 (W.D. Pa. Dkt. 4 (Order transferring petition to Third Circuit as being second or successive petition based on the prior petition filed at No. 97-629)), *request for leave to file second or successive habeas petition denied by* No. 01-1963 (3d Cir. 10/22/01); (4) Davis v. Beard, No. 08-441 (W.D. Pa. Dkt. 6 dismissing petition pre service as second or successive), *COA denied*, No. 08-2805 (3d Cir.); and (5) Davis v. Beard, No. 08-cv-1724 (W.D. Pa. Dkt. 6, order dated 2/24/09, dismissing the

---

  http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80038303

The docket sheet for CC198904099 may be found at:

  http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80038299

The docket sheet for CC198904606 may be found at:

  http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80038807

The docket sheet for CC199100184 may be found at:

  http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=80000362

ostensible Section 2241 petition pre service as being jurisdictionally improper and really a Section 2254 petition).

Not discouraged by his repeated failures, he has most recently filed on October 21, 2009, in the Third Circuit Court of Appeals, what was styled as a Section 2241 habeas petition. On October 23, 2009, the Court of Appeals ordered that the petition be transferred to this Court. In re Thomas Davis, No. 09-4064 (3d Cir.). The Court did so, notwithstanding the fact that Petitioner actually filed the petition not as an original matter but in an appeal of a case that was then pending in the Circuit Court, i.e., in Davis v. County of Allegheny, No. 09-3584 (3d Cir.) when in the caption of the filing he referenced No. 09-3584, and invoked the Court's ancillary jurisdiction. This Court received the transferred filing on October 30, 2009.

**Discussion**

Although not entirely clear, the heart of Petitioner's complaint in the current filing is that he was found guilty of charges involving two robberies, apparently charged at No. CC198904098 (CCP Allegheny County), where DNA evidence revealed that he was not the perpetrator of those particular crimes. Dkt. [1-4] at 2. However, he was also charged with six counts of other robberies. Dkt. [1] at 1, ¶ 4. While Petitioner claims that "DNA test results exonerated/acquitted appellant/petitioner of the criminally accused crimes," Dkt. [1] at 2, in fact, the DNA test results apparently only related to the two robberies charged at No. CC198904098 and did not relate to the six other robberies charged at CC Nos. 8904099, 8904606 and 9100184. See, Dkt. [1-3] at 1 (listing criminal case numbers); Dkt. [1-4] at 1 (listing the criminal case numbers as 198904099 and 199100184). See also Dkt. [1-4] at 2, wherein the following is revealed:

> The "DNA on the cigarette" claim relates to the Robberies involving victims Isoldi and Schultz (Docket Entry No. 35, paragraph 2) (See Docket Entry No. 41). If the Commonwealth's interpretation of certain documents in the certified record is correct, it appears that the Robberies involving those two victims were charged at no. CC198904098 (See Docket Entry No. 41, paragraph 1). That particular information is not before this Court, only Nos. CC198904099 and 199100184 are. Moreover, as the PCRA court correctly noted, appellant was found not guilty of both Robbery charges at No. CC 198904098 (Docket Entry No. 85, paragraph 1), most likely because the DNA/saliva test on the cigarette smoked by the assailant in that particular robbery did not match appellant.

Hence, it appears then that Petitioner is currently serving sentences at CC Nos. 198904099 and 199100184 given that he was acquitted on No. 198904098. In light of the foregoing, it appears that, contrary to Petitioner's claims, the DNA tests did not exonerate Petitioner from all of the robbery charges but merely exonerated him as to only two of the robbery charges. As noted above, Petitioner has filed previous habeas petitions attacking these very same convictions obtained at CC Nos. 198904099 and 199100184, and at least one of those prior habeas petitions has been dismissed "on the merits" so as to render any subsequent habeas filings attacking these same convictions "second or successive." We further note that the DNA evidence apparently was acquired in 1990 and exonerated Petitioner of the one set of robbery charges at CC No. 198904098 in or around March 1990. Hence, Petitioner could have raised the claim he now raises herein in any of his multiple habeas filings in this Court since then. If he had raised such a claim previously, then he is absolutely barred from raising that same claim now. 28 U.S.C. § 2244(b)(1). If he has not presented such claim previously, then he is barred from doing so now because he does not fit within any of the permissible bases outlined in 28 U.S.C. § 2241(b)(2).

The instant petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases,[2] this court may dismiss the petition if it plainly appears on its face that the petitioner is not entitled to relief under habeas. The court concludes that it plainly appears from the face of the petition, that Petitioner is not entitled to relief.

Petitioner has not shown that his petition is properly brought under Section 2241, as is his burden. See Simon v. Nalley, No. 9:02-CV-1255, 2003 WL 22240588, at *3 (N.D.N.Y. Sept. 22, 2003)(it is a petitioner's burden to show that Section 2241 is jurisdictionally appropriate). Nor do we interpret the Court of Appeals order transferring the ostensible Section 2241 petition to this Court as an adjudication on the merits that the present filing is truly a Section 2241 petition and must be treated as such herein.

As observed by the Court of Appeals for the Third Circuit, Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir.2001). In contrast, section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in

---

[2] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley*, 2001 WL 303534, * 1 (S.D.Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001). Accord United States v. Recinos- Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4). See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . ."). Hence, for purposes of pre-service dismissal, it does not matter whether one characterizes this as a Section 2254 petition or a Section 2241 petition, the court has authority to dismiss it pre service under Rule 4.

custody pursuant to the judgment of a State court ... on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coady, 251 F.3d at 484.  The Court of Appeals for the Third Circuit has determined, based on canons of statutory construction, that because Section 2254 is more specific and Section 2241 more general, a state prisoner must generally seek relief via a Section 2254 petition and not via a section 2241 petition.  Id.  See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle.  This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").

Apparently believing a mere characterization of his petition as being a Section 2241 petition and not a Section 2254 petition permits him to circumvent Congressional intent on limiting repeat habeas filings in federal courts, attacking state convictions, Petitioner seeks to have his present petition treated as being filed pursuant to Section 2241, contrary to Coady. However, this course of action is foreclosed both by Coady and by Felker v. Turpin, 518 U.S. 651 (1996).  See, e.g., Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997)("It is clear that Greenawalt is attempting to avoid the limitations imposed on second or successive petitions by styling his petition as one pursuant to § 2241.  The Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254. *Felker v. Turpin*, 518 U.S. 651 (1996)"); Byrd v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1  (E.D.Pa.  Nov. 5, 1997)("in *Felker v. Turpin*, 518 U.S. 651  (1996), the Supreme Court held that it would apply the AEDPA's new requirements for second and

6

successive petitions to original petitions filed under 28 U.S.C. § 2241, even though the AEDPA does not explicitly mention § 2241."). Nor has Petitioner argued, let alone carried his burden to take this case outside the general rule of Coady so as to be able to bring the current claims via a Section 2241 petition. See, e.g., In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997); Pollard v. Yost, Civ.A. No. 07-235J, 2008 WL 4933599 (W.D.Pa. Nov. 18, 2008). Accordingly, this petition should be dismissed pre-service as not being properly filed pursuant to Section 2241 and should be treated as what it really is, a second or successive Section 2254 petition that is barred absent permission from the Court of Appeals to file it.

**Certificate of Appealability**

To the extent that Petitioner would need one, a certificate of appealability should be denied because jurists of reason would not find it debatable that the instant case is not properly a Section 2241 petition but is, in reality, a second or successive 2254 motion for which he needs the Court of Appeals' permission to file, which permission Petitioner did not explicitly seek by the present filing in the Court of Appeals which filing was transferred to here, nor was such permission granted by such transfer.

Pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

                                          Respectfully submitted,

                                          /s/ *Amy Reynolds Hay*
                                          Chief United States Magistrate Judge

Dated: 12 November, 2009

cc:   The Honorable Gary L. Lancaster
      United States District Judge

      Thomas Davis
      BZ9982
      SCI Mercer
      801 Butler Pike
      Mercer, PA 16137